FILED
Sep 21, 2020
08:56 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Debra De Rosa, | ) | Docket No. 2020-06-0216 |
| Employee, | ) | |
| v. | ) | |
| I & MJ Gross Co., | ) | State File No. 76351-2019 |
| Employer, | ) | |
| And | ) | |
| Nationwide Mutual Ins. Co., | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER

---

Debra DeRosa injured her wrist while working for I & MJ Gross, which authorized treatment. She asserted that the carrier never offered a panel of physicians or even discussed with her that she had the right to choose from a list of three physicians. I & MJ Gross denied both allegations. Ms. DeRosa requested additional treatment with a new doctor.

After an expedited hearing on September 16, the Court finds that the carrier twice fulfilled its statutory obligation to offer a panel. Additionally, I & MJ Gross authorized over two months' treatment with Dr. John Weaver, which treatment Ms. DeRosa accepted. Because Dr. Weaver placed her at maximum medical improvement, released her without restrictions, and anticipated no need for further treatment, the Court denies Ms. DeRosa's request for additional treatment.

### History of Claim

Ms. DeRosa worked for I & MJ Gross in housekeeping. On August 22, 2019, she fell while cleaning a light fixture, injuring several body parts, but the current, sole dispute revolves around her right wrist only–whether I & MJ Gross offered a panel and her entitlement to additional treatment for it.

Immediately after the fall, Ms. DeRosa sought emergency treatment. Providers

1

ordered x-rays, which showed a "tiny acute avulsion fracture…seen from the ulnar styloid[.]" The discharge documents recommended follow up with Dr. Martha George, an orthopedist. However, Ms. DeRosa never saw Dr. George but rather came under Dr. John Weaver's care.

The parties disagree regarding the circumstances that led to Dr. Weaver's treatment. Ms. DeRosa testified that, on August 26, she spoke with the carrier's claims representative, Laura Shoop, by phone. She told Ms. Shoop that the ER had referred her to Dr. George. Ms. Shoop made an appointment with Dr. George, who practices with Tennessee Orthopedics in its Lebanon office. When Ms. DeRosa learned that she would have to drive to Lebanon from her home in Gallatin, Ms. DeRosa said, "I preferred to stay local, and that's how I ended up with Dr. Weaver." She asserted that Ms. Shoop never mentioned that she had the right to a panel or a choice of physician.

Ms. Shoop offered a different account. She testified that in their first conversation on August 26, Ms. DeRosa "was in a lot of pain" and requested treatment with Dr. George. Ms. Shoop said she told her she would provide a list of three physicians, one of whom was Dr. George, and Ms. DeRosa could choose one. The next day, Ms. Shoop called Ms. DeRosa to say that she set an appointment with Dr. George. Ms. Shoop testified that, during the call, Ms. DeRosa said she did not want to drive to Lebanon to see Dr. George. Rather, according to Ms. Shoop, Ms. DeRosa "wanted to see someone at the Tennessee Orthopedics practice in Gallatin, and I secured her an appointment with the first available doctor." Ms. Shoop emailed the panel to Ms. DeRosa that day, with a message stating "see attached panel per our discussion yesterday." She emailed the panel again on September 21 in response to Ms. DeRosa emailing her to state that she had not received the panel. Ms. Shoop testified that she also sent a hard copy by regular mail, but Ms. DeRosa never returned the form.

On cross-examination, Ms. DeRosa acknowledged that the carrier had her correct email address. She said her email works now, but she "had trouble with it in the past." Ms. DeRosa added, "When I spoke with her [Ms. Shoop] after the fact, she claimed she had a different email address, and I had to give it to her at that time." Ms. DeRosa maintained, "I never saw the panel," and stated that she did not receive a copy by mail.

As for Dr. Weaver's treatment, Ms. DeRosa first saw him on August 28. He noted he reviewed x-rays, examined her, and noted "clinically there is no right ulnar styloid fracture[.]" In early September, he characterized the fracture as "questionable . . . [S]he has excellent motion and excellent strength[.]"

After this visit, Ms. DeRosa emailed Ms. Shoop on September 19 to tell her that Dr. Weaver offered no treatment and he "didn't seem to care." She continued, "My understanding is I [sic] even though I've been to Dr. Weaver's office twice, I should of been given a list of three providers from the beginning to choose from which I never

2

received." Ms. Shoop responded on September 21, "You never received the email I sent you on 8/27, with the panel of 3 doctors attached? I am attaching again." Ms. Shoop then wrote:

> I want to remind you that I get to choose which 3 doctors are put on the panel. You had insisted on Dr. Martha George, and I went along with your wishes, and she is one of the three doctors on the attached panel. Also, this was with whom I set up your initial appointment. Once you learned she was not located in the office closest to you, we went with the orthopaedic office that you desired in Gallatin, and got you in with the doctor who had the earliest availability.

Despite her concerns, Ms. DeRosa returned to Dr. Weaver for two more visits. In October, Dr. Weaver reviewed an MRI and x-rays and noted "what appears to be more of a chronic finding to the ulnar styloid not an acute fracture." At the final visit in November, he placed her at maximum medical improvement and released her to full-duty work. Dr. Weaver later completed a final medical report that assigned a zero-percent impairment rating and stated that no future treatment will be necessary.

Ms. DeRosa argued that, from the very first visit, Dr. Weaver "did not acknowledge my injuries." He never gave her a treatment plan and released her "out of anger." After her case was closed, she began treating on her own. Ms. DeRosa said she never "saw" the panel or was told she was entitled to one, and that Dr. Weaver's treatment "came about from a referral from a hospital."

In response, I & MJ Gross argued that it sent the panel several times. While Ms. DeRosa never returned the panel form, she accepted the treatment I & MJ Gross offered. Dr. Weaver placed her at maximum medical improvement and saw no need for additional treatment. I & MJ Gross asserted it provided all the medical benefits to which she is entitled.

**Findings of Fact and Conclusions of Law**

Ms. DeRosa must show that she is likely to prevail at a hearing on the merits regarding whether I & MJ Gross offered a panel as well as whether she is entitled to additional treatment. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To prevail, she must show that I & MJ Gross did not satisfy its obligation under the Workers' Compensation Law to provide treatment. The medical benefits provision of the statute reads that an injured employee "shall accept the medical benefits afforded under this section; provided that . . . the employer shall designate a group of three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1)

3

to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i).

The Court first considers whether I & MJ Gross offered a panel as the statute requires. The parties offered vastly different accounts, so the Court must make a credibility determination to decide this factual issue.

Here, Ms. DeRosa repeatedly stated that she never "saw" the panel, nor was it discussed on August 26 or 27. She acknowledged that Ms. Shoop had the correct email address, but she said she "had trouble with it in the past." She then testified that "after the fact," Ms. Shoop told her she had the incorrect email address, and Ms. DeRosa gave her the correct one.

This does not square with Ms. Shoop's testimony, or with the emails the parties exchanged. The August 27 and September 21 emails from Ms. Shoop to Ms. DeRosa bear the same email address as the one Ms. DeRosa wrote on her petition for benefit determination. The August 27 email plainly states that they discussed the panel the previous day, in accordance with Ms. Shoop's testimony. Moreover, the Court simply does not believe that Ms. DeRosa never received the panel, when Ms. Shoop credibly testified that she used two different means of transmission, email and regular mail, to send it. Therefore, the Court finds that I & MJ Gross discussed its obligation to offer a panel of physicians with Ms. DeRosa and sent the form; thus, it satisfied the statutory requirement.

Next, the Court considers whether Ms. DeRosa accepted the employer's treatment, as the statute requires. Ms. Shoop attempted to accommodate Ms. DeRosa's wishes, twice, when she put Dr. George on the panel and then, at Ms. DeRosa's request, set an appointment with Tennessee Orthopedics with the first available orthopedist, Dr. Weaver, at the Gallatin Branch.

In Ms. DeRosa's testimony, she candidly admitted that she did not want to drive to Lebanon. Rather, she twice attended appointments with Dr. Weaver before expressing dissatisfaction. Then she continued seeing him until he placed her at maximum medical improvement, released her from treatment, and anticipated no need for future treatment for the work injury. Contrary to her assertions, Dr. Weaver's notes document that he based his opinions after examining her and ordering x-rays and an MRI. The Court finds that Ms. DeRosa accepted Dr. Weaver's treatment, and in his expert opinion she does not need additional treatment for the work injury.

Therefore, Ms. DeRosa has not presented sufficient evidence from which this Court can conclude she is likely to prevail at a hearing on the merits that I & MJ Gross failed to offer her a panel and is entitled to additional treatment.

4

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. DeRosa's request for additional treatment is denied at this time.

2. This case is set for a scheduling hearing on **October 26, 2020, at 9:15 a.m. Central.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call might result in a determination of the issues without your participation.

**ENTERED September 21, 2020.**

*Kenneth M. Switzer*
_____
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Ms. DeRosa's Affidavit
2. Employee's Choice of Physician form and email verifying Carrier sent it
3. Employer's submission of medical records
4. Employee's submission of medical records
5. Emails between Ms. DeRosa and Ms. Shoop

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Show-Cause Order, June 1, 2020
4. Show-Cause Order, June 30, 2020
5. Request for Expedited Hearing
6. Order Setting Expedited Hearing
7. Employer's Response to Employee's Request for Expedited Hearing
8. Employer's Motion for a Continuance and/or in the Alternative, Request for Reasonable Extension
9. Employee's Opposition to Motion
10. Order Continuing Expedited Hearing
11. Order Setting Expedited Hearing
12. Employer's Pre-Hearing Brief
13. Employee's Brief

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on September 21, 2020.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| Debra De Rosa, self-represented employee | X | | X | 300 Kirk Lane Gallatin, TN 37066 Debra6254@gmail.com |
| Lynn Lawyer, employer/carrier's attorney | | | X | Lawyel2@nationwide.com Burruc1@nationwide.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on _____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____ .

_____

*[Signature of appellant or attorney for appellant]*